IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RENELDO JACKSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-00077 |
| MEDSTAR HEALTH, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff Reneldo Jackson brought this action against MedStar Health[1] in the Circuit Court of Maryland for Baltimore City on February 3, 2011. It was subsequently removed to this Court on the basis of federal subject matter jurisdiction. The Complaint for compensatory and punitive damages includes nine counts: Count I – racial discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil rights Act of 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); Count II – racial discrimination in violation of 42 U.S.C. § 1981; Count III – racial discrimination in violation of Title 20 of the Annotated Code of Maryland; Count IV – wrongful discharge; Count V – breach of contract; Count VI – constructive fraud; Count VII – defamation; Count VIII – false light; and Count IX – malicious prosecution. Specifically, Plaintiff claims that he was terminated from his employment with Union Memorial Hospital ("UMH") because of his race and not because

---

[1] The Complaint identifies MedStar Health as the only Defendant. MedStar Health is a non-profit health group that oversees a network of hospitals in the Maryland and Washington, DC region, one of which is the Plaintiff's former employer, Union Memorial Hospital. Defendant's Motion to Dismiss (ECF No. 5) asserts that MedStar is an improper defendant. For the purposes of this Order, propriety is inconsequential.

1

of misconduct, as alleged by UMH. On January 17, 2012, Defendant MedStar Health filed a Motion to Dismiss (ECF No. 5) pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a Motion for Summary Judgment pursuant to Rule 56(c). The Plaintiff has failed for the past six months to file any response to the pending Motion. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment (ECF No. 5) is GRANTED.

When considering a motion to dismiss under Rule 12(b)(6), this Court accepts as true the facts alleged in Plaintiff's Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). In 1999, Plaintiff Reneldo Jackson ("Plaintiff") began work at UMH as a Floor Technician. Pl.'s Compl. ¶ 5. On December 12, 2009, Plaintiff worked his usual shift, clocking out at 12:44 am on December 13. *Id.* ¶ 15. A staff member's computer was subsequently reported missing. *Id.* ¶ 9.

On December 15, Plaintiff was questioned by UMH's Chief of Security, who informed him that a security tape led hospital officials to believe that Plaintiff was the culprit behind a theft of the computer. *Id.* ¶¶ 8-9. Defendant contends that Plaintiff was uncooperative and provided false information during the course of the investigation. Pet. Mot. at 6. Plaintiff was terminated from his employment on December 16. Pl.'s Compl. ¶ 12. A larceny charge was eventually brought against him, but it was *nolle prossed* on October 5, 2010. *Id.* ¶ 17. On October 8, 2010, Plaintiff filed a race discrimination claim with the Maryland Commission on Civil Rights and the Equal Employment Opportunity

Commission ("EEOC").  *Id.* ¶ 19.  After rejecting his claim, the EEOC issued a Notice of Right to Sue letter on November 4, 2011.  *Id.* ¶ 20.  The pending action was subsequently filed against MedStar Health.

Pending before this Court is Defendant MedStar Health's Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for Summary Judgment (ECF No. 5), which was filed on January 17, 2012.  Plaintiff has not filed a response.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also McBurney v. Cuccinelli*, 616 F.3d 408 (4th Cir. 2010) (Gregory, J., concurring) (citation omitted).  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556.

3

In Counts I and II, Plaintiff alleges that he was removed from his position in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 because he is African American. Pl.'s Compl. at 3-4. To establish a *prima facie* case of disparate treatment under Title VII and 42 U.S.C. § 1981, Plaintiff must show that: (1) he is a member of a protected class; (2) he suffered an adverse employment action (such as a discharge); and (3) similarly situated employees outside of his class received more favorable treatment. *See, e.g., Carter v. Ball*, 33 F.3d 450, 461 (4th Cir. 1994). Plaintiff satisfies the first element because he is African–American and thus a member of a protected class. As mentioned above, Plaintiff satisfies the second element because termination constitutes an adverse action. However, Plaintiff cannot establish a *prima facie* case of disparate treatment because he has not alleged any plausible claim to support the third element - that similarly situated employees outside of his protected class were treated differently. *See Sterling v. Tenet*, 416 F.3d 338, 345 (4th Cir. 2005) (recognizing that, to establish *prima facie* case, a plaintiff must "raise an inference of discriminatory intent by showing that she was treated worse than similarly situated employees of other races").

Defendant MedStar Health contends that Plaintiff was removed for providing false information. Allegedly, Plaintiff provided incorrect information regarding his time of departure following the end of his shift. Pet. Mot. at 5. Plaintiff disputes this rationale and considers it to be a pretext. However, the Fourth Circuit has stated: "when an employer gives a legitimate, non-discriminatory reason for discharging the plaintiff, 'it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination.'" *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274,

279 (4th Cir. 2000) (quoting *DeJarnette v. Corning Inc.*, 133 F.3d 293,299 (4th Cir. 1998)). A Court should not second-guess an employer's appraisal. *Hawkins*, 203 F.3d at 280. Rather, the Court's sole concern should be "whether the reason for which the defendant discharged the plaintiff was discriminatory." *Id.* (quoting *DeJarnette*, 133 F.3d at 299). The Fourth Circuit has also stated that it does "not believe that Title VII authorizes courts to declare unlawful every arbitrary and unfair employment decision." *Balazs v. Liebenthal*, 32 F.3d 151, 159 (4th Cir. 1994).

Most fatal to the Plaintiff's claim is the fact that his Complaint contains *zero* evidence of racial discrimination other than bald allegations. There is nothing aside from conclusory statements provided to support any kind of discrimination charge whatsoever. As the Supreme Court of the United States has held, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Resultantly, Plaintiff fails to state a claim for disparate treatment under Title VII or 42 U.S.C. § 1981. Thus, Counts I and II are DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 1367(c)(3), this Court has discretion to decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction." In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a superfooted reading of applicable law." Accordingly, because all federal claims have been

5

dismissed with prejudice, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. As such, those remaining state law claims as set forth in Counts III through IX are DISMISSSED WITHOUT PREJUDICE.

Accordingly, for the reasons stated above, it is on this 17th day of July, 2012, ORDERED that:

1. Defendant MedStar Health's Motion to Dismiss for Failure to State a Claim, or, in the alternative, for Summary Judgment (ECF No. 5) is GRANTED;

2. Plaintiff's federal claims against MedStar Health are DISMISSED WITH PREJUDICE.

3. Plaintiff's state claims against MedStar Health are DISMISSED WITHOUT PREJUDICE.

4. The Clerk of the Court transmit copies of this Order and accompanying Memorandum Opinion to Counsel;

5. The Clerk of the Court CLOSE THIS CASE.


Dated:     July 17, 2012            /s/_____
                                    Richard D. Bennett
                                    United States District Judge